■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALTON CANNON, Appellant.— Case held, decision reserved, and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: At a preliminary hearing conducted by the Trial Judge evidence was presented as to the circumstances surrounding a lineup arranged by the police at which, the complaining witness testified, she identified defendant as her assailant. Conflicting evidence was received as to whether defendant had been advised of his right to counsel at the lineup and as to whether he had waived such right. At the close of the hearing the court made its finding beyond a reasonable doubt that there was no taint in the lineup identification which would preclude its use at the trial and then went on to state, "The

Court makes no ruling with regard to whether or not the defendant knowingly, willingly, voluntarily and intelligently waived his right to counsel at that time because the Court is of the opinion that in view of the nature of the lineup identification that question need not be reached for these purposes." The complainant testified to the lineup identification of defendant on the trial. The proof before the court was such as to require a finding by the Trial Judge as to whether defendant knowingly, willingly, voluntarily and intelligently waived his right to counsel at the lineup and we remit the case to the County Court solely for such a finding and determination upon the testimony at the preliminary hearing. (See *United States* v. *Wade*, 388 U. S. 218; *Gilbert* v. *California*, 388 U. S. 263.) (Appeal from judgment of Monroe County Court convicting defendant of rape, first degree.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.